# Robinson+Cole

RHONDA J. TOBIN

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
rtobin@rc.com
Direct (860) 275-8327

Also admitted in New York

*Via Electronic Mail* (Amy_Constantine@ctd.uscourts.gov)
August 25, 2020

The Honorable Michael P. Shea
United States District Court
450 Main Street, Room 217
Hartford, CT  06103

Re:   *The Gunnery v. Graphic Arts Mut. Ins. Co.*, Case No.: 3:18-cv-01246-MJS

Dear Judge Shea:

On behalf of Defendant, Graphic Arts Mutual Insurance Company ("Graphic Arts"), we write concerning two outstanding discovery disagreements between the parties. *First*, Graphic Arts respectfully requests that The Gunnery ("Plaintiff") be required to provide a privilege log that satisfies the requirements of Fed. R. Civ. P. 26 and L.R. Civ. P. 26(e). *Second*, Graphic Arts respectfully requests that the Court order Plaintiff to produce certain material generated in connection with an independent investigation of the claims at issue in this case, among others, that was conducted by the law firm McGuire Woods. Graphic Arts certifies that it has complied with its good faith conference obligations under the Federal Rules and Local Rules.

*First*, Graphic Arts served Plaintiff with Requests for Production on June 7, 2019. Plaintiff objected to certain requests on August 7, 2019 and produced documents in March 2020 and June 2020. Plaintiff has produced approximately 3650 pages of documents. Similarly, Graphic Arts has produced approximately 3690 pages of documents. On July 20, 2020, more than a year after Graphic Arts served its discovery requests, Plaintiff provided Graphic Arts its first, and only, "privilege log." (**Exhibit 1**). That 139-page log contains nearly 3500 entries for redacted or withheld documents. The sheer volume of Plaintiff's withholding would be less problematic if Plaintiff had complied with its obligations to produce a complete and useable privilege log. A simple review of **Exhibit 1** reveals that it has not. Plaintiff's log suffers from the following deficiencies: (1) rather than include the required "general subject matter of the document or electronically stored information", the log has simply imported the "Email subject" of each email, resulting in entries for which it is impossible to determine whether the content of the document is being properly withheld[1]; (2) the log makes no effort to describe the particular

---

[1]      For example, on the first page, Plaintiff is withholding documents with email subjects of: "2pm callâ€"can you move it to 2:15?", and "Anonymous". Two pages of the log consist entirely of emails titled "Re:".

Boston | Hartford | New York | Providence | Miami | Stamford | Los Angeles | Wilmington | Philadelphia | Albany | New London | **rc.com**

Robinson & Cole LLP

# Robinson+Cole

The Honorable Michael P. Shea
August 25, 2020
Page 2

privilege(s) being claimed; (3) many entries are missing relevant information[2]; (4) there appears to have been little effort to produce relevant, non-privileged, information exchanged between Plaintiff and its attorneys[3]; and (5) the majority of the entries do not have Bates or other identifying numbers that would permit the parties to discuss the entries.

Plaintiff's counsel has not defended the adequacy of the deficient privilege log, but instead claims that Graphic Arts should assume the cost of the creation of a compliant privilege log. Plaintiff's cost-shifting contention, raised at the close of discovery, is not supported by the Federal Rules of Civil Procedure, and Plaintiff should be required to provide Graphic Arts with a compliant, complete, privilege log without delay. Additionally, documents that contain both privileged and non-privileged communications between Plaintiff and its counsel should not be completely withheld, but should be redacted as necessary.

*Second*, in April 2017, a few months prior to the claim at issue in this case being made to Plaintiff, Plaintiff hired the law firm of McGuire Woods to conduct a broad investigation of claimed sexual abuse at The Gunnery. When the underlying claim was tendered to Graphic Arts, its counsel requested information about the claim including interviews conducted by McGuire Woods and other information that McGuire Woods had collected related to this claim. Plaintiff refused, claiming the information was privileged. In Requests for Production 8, 9 and 10 (**Exhibit 2**), Graphic Arts again requested production of documents: (1) provided by the claimant to McGuire Woods; (2) provided by Plaintiff to McGuire Woods; and (3) created by McGuire Woods in connection with the underlying claim. Plaintiff refused, claiming that those documents were privileged.

Graphic Arts disagrees that a privilege exists. First, Graphic Arts was seeking documentation of the factual investigation itself, including information provided by the student and by Plaintiff. Since it appears from Plaintiff's own production that Plaintiff did little independent investigation and relied on McGuire Woods' investigation, the mere fact that it delegated the fact-finding function to counsel does not mean that the documents, such as witness and staff interviews, are thereby cloaked in privilege. However, even if the Court determined that the documents are work product protected, Graphic Arts is entitled to the documentation because it has a substantial need for the information and cannot obtain it elsewhere. Indeed, the factual information concerning the claimed underlying abuse is critical to the insurance coverage issues in this action, including whether the underlying allegations constitute an "occurrence" or "bodily injury."

---

[2]     For example, on the second page, there are eleven entries that are wholly lacking in detail, including the type of document or electronically stored information and its subject matter.

[3]     For example, certain withheld emails contain the subjects "Re: A lovely party and a job well done" and "I'll call you between 2 and 3, probably closer to 2. There may be a lacrosse game in the background."

# Robinson+Cole

The Honorable Michael P. Shea
August 25, 2020
Page 3

Respectfully,

*Rhonda J. Tobin*

Rhonda J. Tobin

cc:     Michael T. McCormack (mmccormack@omjblaw.com)
        Amy E. Markim (amarkim@omjblaw.com)
        *Counsel for Plaintiff*