

William J. O'Sullivan\*  
Michael T. McCormack\*\*  
Timothy P. Jensen\*\*  
―――――――――  
Amy E. Markim^^  
Michelle M. Seery^  

\* CT Bar  
\*\* CT & MA Bar  
^ CT & CA Bar  
^^ CT & NY Bar

December 11, 2020

The Honorable Michael P. Shea
c/o Amy_Constantine@ctd.uscourts.gov

  Re: The Gunnery, Inc. v. Graphic Arts Mutual Insurance Company, Civil Action No. 3:18-cv-01246-MJS

Dear Judge Shea:

  This correspondence constitutes the written submission required pursuant to Paragraph 2 of Your Honor's Instructions for Discovery Disputes.

  The Issue: The issue is quite straightforward. The Gunnery, Inc. ("The Gunnery") wishes to proceed as scheduled with depositions of four (4) fact witnesses on December 15-17, 2020. Graphic Arts Mutual Insurance Company ("Graphic Arts") does not want the depositions to proceed next week and instead wants them to take place during the end of January 2021, only a month before The Gunnery's deadline to disclose expert witnesses. Despite originally noticing depositions in May 2020, The Gunnery has not yet been permitted to take a single deposition of Graphic Arts.

  The Scheduled Depositions:

- Nicole Fisher, Esq.: Ms. Fisher is an employee of Graphic Arts and the claims professional primarily responsible for coverage related to the underlying claims submitted by The Gunnery to Graphic Arts. The Gunnery first noticed her deposition on May 29, 2020, and it has been re-noticed three (3) additional times. Most recently, following the parties' unsuccessful November 11, 2020 mediation, on November 17, 2020 The Gunnery re-noticed Ms. Fisher's deposition to take place on December 16, 2020. Graphic Arts has never represented that either Ms. Fisher or counsel is unavailable on this date.
- Chris Niesser: Mr. Niesser is an employee of Graphic Arts and the claims professional assigned to the underlying claims submitted by The Gunnery to Graphic Arts. The Gunnery first noticed his deposition on May 29, 2020, and it has been re-noticed three (3) additional times. Most recently, following the parties' unsuccessful November 11, 2020 mediation, on November 17, 2020 The Gunnery re-noticed Mr. Niesser's deposition to take place on December 15, 2020. Graphic Arts has never represented that either Mr. Niesser or counsel is unavailable on this date.
- Gary Moran: Mr. Moran is a former employee of Graphic Arts (represented by Graphic Arts' counsel for purposes of his deposition). He was a claims professional involved in the handling of and coverage relating to the underlying claims submitted by The Gunnery to Graphic Arts. On November

The Honorable Michael P. Shea
December 11, 2020
Page 2

18, 2020, he was served with a subpoena for a deposition on December 16, 2020. Graphic Arts has never represented that either Mr. Moran or counsel is unavailable on this date.

- Ron Gorski: Mr. Gorski is an employee of Graphic Arts and a claims professional involved in the handling of and coverage relating to claims for allegations of sexual misconduct against private schools. On November 17, 2020, The Gunnery noticed his deposition to take place on December 17, 2020. Graphic Arts has never represented that either Mr. Gorski or counsel is unavailable on this date.

<u>The Gunnery's Position and Argument</u>: There is no justification, legally or factually, for further delay of these depositions. Pursuant to Fed. R. 26(d)(1), parties are permitted to begin all discovery, including depositions, after the parties' Rule 26(f) planning conference. On October 10, 2018, counsel for the parties participated in such conference, and, on November 21, 2018, filed the Parties' Joint Rule 26(f) Report (Doc. 20) through which they agreed that "[a]ll discovery" would begin on November 21, 2018. There is no obligation under the Federal Rules, the Local Rules, or any agreement of the parties to conduct discovery in stages. Nonetheless, Graphic Arts argues that it should not have to make its witnesses available until after The Gunnery serves responses to document requests served on December 9, 2020 and makes supplemental production recently ordered by this Court. This argument does not withstand legal or factual scrutiny. A party is entitled to depose witnesses without regard to the status of written discovery. If the depositions at issue were those of The Gunnery, and Graphic Arts was awaiting additional documents from The Gunnery, this argument might find more support in logic. But, that is not the case here.

The Gunnery has been reasonable and accommodating throughout discovery with respect to the deponents' and counsel's scheduling conflicts, which in part is why the depositions of Ms. Fisher and Mr. Niesser have been rescheduled so many times. Most recently, The Gunnery even offered to move these four depositions to January 6-8, 2021. However, counsel for Graphic Arts represented the existence of a conflict and instead advised that counsel would make the witnesses available during the last two weeks of January 2021, six (6) weeks from now, and at the very end of the time within which The Gunnery may take fact depositions in adequate time to prepare its expert disclosures. That time period is unworkable for The Gunnery, not only for the reasons stated above, but also because these four (4) depositions are not the only depositions that need to be taken in the case. The Gunnery has at least three (3) other Graphic Arts depositions to take (all of which were previously noticed and have yet to be rescheduled because of pending and still unresolved discussions between the parties). In addition, Graphic Arts wishes to take two (2) depositions. Under Graphic Arts' proposal, all nine of these depositions would need to be squeezed into Graphic Arts' counsel's available nine (9) days during the last two weeks of January 2021, leaving no time to resolve any issues that may arise during the depositions. There is no basis to preclude or limit the depositions from proceeding as scheduled. Moreover, with respect to Ms. Fisher and Mr. Niesser, Graphic Arts has been on notice for seven (7) months of The Gunnery's plan to depose them, so any claim that they cannot be prepared for these depositions is unavailing.

The Honorable Michael P. Shea
December 11, 2020
Page 3

                                        Respectfully submitted,

                                        *Amy E. Markim*

                                        Amy E. Markim

cc:    Michael T. McCormack
       Rhonda Tobin
       J. Tyler Butts